NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 21 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANGELA TERESA VELASQUEZ CHINGA; JAIRO CRUZ VELASQUEZ, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.   20-72869 <br><br> Agency Nos.    A205-059-963 <br> A209-866-407 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 11, 2022
Pasadena, California

Before:  CLIFTON, M. SMITH, and WATFORD, Circuit Judges.

Petitioner Angela Velasquez Chinga seeks review of the Board of

Immigration Appeals' (BIA) order denying her applications for asylum, withholding

of removal, and relief under the Convention Against Torture (CAT).  Petitioner's

minor son also seeks asylum, and his claim is derivative of Petitioner's asylum

application.  *See* 8 U.S.C. § 1158(b)(3); *Ma v. Ashcroft*, 361 F.3d 553, 560–61 (9th

---

      *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Cir. 2004). Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling.

We have jurisdiction pursuant to 8 U.S.C. § 1252. "[W]e review both the IJ's and the BIA's decisions" in this case because the BIA cited *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), and "provide[d] its own review of the evidence and law." *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011). We review the agency's findings of fact under a substantial evidence standard, *Plancarte Sauceda v. Garland*, 2022 WL 144863, at *5 (9th Cir. Jan. 14, 2022), which means the findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Substantial evidence supports the agency's denial of asylum and withholding of removal. The IJ and BIA concluded that Petitioner was not persecuted on account of her membership in any particular social group.[1] Petitioner alleged membership in two particular social groups: (1) the family of her common-law husband, and (2) Ecuadorian women who are unable to leave their domestic relationships and are viewed as property. The IJ and BIA assumed these groups were cognizable but found no nexus between Petitioner's membership in the groups and her past or feared future harm. The IJ found that Petitioner's past harm was "directly related to her not

---

[1] Petitioner waived any argument about fear of harm based on her imputed political opinion by not presenting it in her opening brief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996).

2

divulging the information that she had discovered." The IJ also determined that Petitioner's fear of persecution was not because of her membership in any particular social group, but because Petitioner's common law husband's family wanted her to stay quiet about their criminal activity. The BIA agreed, and the record does not compel an alternate conclusion.

Petitioner also contends that the agency improperly denied her CAT claim without meaningfully considering CAT relief as separate from her asylum claim. We disagree. The IJ explicitly noted that he "considered the respondent's [CAT] claim . . . wholly separate and apart from her claims for asylum and withholding," and provided sufficient analysis to enable our court to review the decision. Although "a catchall phrase does not suffice" if "there is any indication that the [agency] did not consider all of the evidence before it," review of the record does not reveal that the IJ ignored any "highly probative or potentially dispositive evidence" supporting Petitioner's claim. *Cole v. Holder*, 659 F.3d 762, 771–72 (9th Cir. 2011). The IJ considered Petitioner's allegations that the government was involved in her common-law husband's drug trade and considered country conditions evidence, but ultimately concluded that Petitioner could relocate and live safely in Ecuador. The BIA agreed with the IJ, and substantial evidence supports the agency's conclusion. *See* 8 C.F.R. § 208.16(c)(2); *Plancarte Sauceda*, 2022 WL 144863 at *5.

**PETITION FOR REVIEW DENIED.**

3